UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND HAYNES,<br><br>        Petitioner,<br><br>    v.<br><br>TRACY JOHNSON,<br><br>        Respondent. | Case No. 2:24-cv-00581-KJM-JDP (HC)<br><br>**ORDER**<br><br>SCREENING THE PETITION AND OFFERING LEAVE TO AMEND<br><br>ECF No. 1 |

    Petitioner, a state prisoner, brings this action under section 2254 and alleges that his rights were violated when the California Board of Parole ("Board") denied him parole. ECF No. 1. His petition, for the reasons stated hereafter, fails to state a cognizable federal habeas claim. I will give him an opportunity to amend before recommending this action be dismissed.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    The lengthy petition raises numerous claims related to petitioner's denial of parole. ECF

1

No. 1 at 1-28.  With respect to a denial of parole, however, federal law demands only that a prisoner be afforded "an opportunity to be heard and was provided a statement of the reasons why parole was denied."  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  After reviewing the petition, I can discern no allegation that petitioner was denied these basic requirements.  To be sure, he alleges that the reasons for the denial of parole were incorrect and inadequate, and he claims that the decision was inconsistent with state law, but the correctness of the decision is outside the scope of these proceedings.  *Id.* at 222 ("Because the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly.").  As stated above, I will give petitioner an opportunity to amend and explain why this action should proceed before recommending it be dismissed.

Accordingly, it is hereby ORDERED that:

1. Petitioner may file an amended petition within thirty days of this order's entry.  If he fails to do so, I may recommend that this action be dismissed.

2. The Clerk of Court is directed to send petitioner a section 2254 habeas form with this order.

IT IS SO ORDERED.

Dated:   July 18, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE