1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LELAND HAYNES,                          Case No.  2:24-cv-00581-KJM-JDP (HC)

12              Petitioner,                   **ORDER**

13        v.                                  DENYING PETITIONER'S MOTION FOR
                                              RECONSIDERATION AND DIRECTING
14   TRACY JOHNSON,                           PETITIONER TO FILE AN AMENDED
                                              COMPLAINT WITHIN THIRTY DAYS
15              Respondent.
                                              ECF No. 6
16

17

18        On July 18, 2024, I found that the initial petition failed to state a cognizable claim and

19   gave petitioner leave to amend within thirty days.  ECF No. 5.  Specifically, I found that

20   petitioner's claim that he was wrongfully denied parole failed to present a federal habeas claim.

21   *Id.* at 1-2.  Rather than filing an amended petition, however, petitioner filed a motion for

22   reconsideration, ECF No. 6, arguing that my legal analysis is incorrect and that his petition does,

23   in fact, state a claim.  For the reasons stated hereafter, I disagree and grant petitioner an additional

24   thirty days to file an amended petition.

25        In my screening order, I noted that, with respect to a denial of parole, federal law demands

26   only that a prisoner be afforded "an opportunity to be heard and [to be] provided a statement of

27   the reasons why parole was denied."  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  Petitioner

28

1

did not allege that he was denied these procedural requirements, and, thus, I determined that he failed to state a claim.  In his motion for reconsideration, he argues that the state of California has created a liberty interest in parole and that the Supreme Court has never held that a parole board may, as he alleges here, invent evidence of dangerousness and violate the Eighth Amendment's prohibition on cruel and unusual punishment.  ECF No. 6 at 1-2.  These arguments are unpersuasive.

The state's creation of a liberty interest in parole has limited effect on a federal habeas court's analysis.  Where such an interest exists, federal law requires only that a petitioner be provided fair procedures for its vindication.  *See Cooke*, 562 U.S. at 220 ("When, however, a State creates a liberty interest [in parole], the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures.").  Second, plaintiff's contention that the parole board invented evidence of his dangerousness lies outside the scope of federal habeas review.  *Id.* at 221 (holding that a federal habeas court should "not inquire into whether the constitutionally requisite procedures provided by [the state] produced the result the evidence required . . .").  Finally, petitioner appears to argue that his status as a youthful offender renders the denial of parole violative of the Eighth Amendment.  This contention finds no support in established federal law.  To the contrary, "the Supreme Court has never recognized an Eighth Amendment claim in the parole denial context."  *Morrison v. Madden*, No. 5:22-cv-00925-MWF (MAA), 2023 U.S. Dist. LEXIS 235240, *12 (C.D. Cal. July 27, 2023).

In light of the foregoing, it is ORDERED that:

1.   Petitioner's motion for reconsideration, ECF No. 6, is DENIED.

2.   Out of an abundance of caution, I will still allow petitioner to file an amended petition. He must do so within thirty days of this order's entry.  If he fails to do so, I will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated:   August 29, 2024   

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE