UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND HAYNES, | Case No. 2:24-cv-0581-DC-JDP (P) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TRACY JOHNSON, | |
| Respondent. | |

Petitioner, a state prisoner, brought this action under section 2254 and alleged that his rights were violated when the state denied him parole. In my screening order, I explained to petitioner that with respect to a denial of parole, federal law demands only that he be afforded "an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). He did not allege that these procedural requirements were not met and, thus, that his petition failed to state a claim. I gave petitioner an opportunity to amend and to explain why this action should still proceed. ECF No. 5. Petitioner filed a motion for reconsideration, ECF No. 6, which was denied, ECF No. 7. The deadline for filing an amended petition then passed without a filing from petitioner, and I entered an order directing petitioner to show cause why this action should not be dismissed for failure to prosecute and for failure to state a claim. ECF No. 9. Petitioner filed a response to that order. ECF No. 10.

In his response, petitioner argues that the Supreme Court's decision in *Swarthout* is inapplicable because the parole board invented evidence of his dangerousness to deny parole. *Id.* at 2. He goes on to argue that the Supreme Court has never held that parole boards may invent evidence. *Id.* at 2. His arguments are flawed. As I have attempted to explain petitioner, in the federal habeas context, the only rights at issue are *procedural*. *See McCoy v. Grounds*, 472 F. App'x 817, 817 (9th Cir. 2012) ("The only federal rights at issue in the parole context are procedural, and the only proper inquiry is what process McCoy received, not whether the state court decided the case correctly. . . . Those required procedures are 'minimal,' and demand nothing more than providing McCoy with an opportunity to be heard and a statement of reasons why parole was denied."). His claim that the parole board invented evidence is an attempt to challenge the substantive correctness of the parole board's decision, and that issue is beyond the scope of federal habeas review. *See Swarthout*, 562 U.S. at 220 (holding that determining whether petitioners were allowed an opportunity to be heard and a statement of reasons for denial of parole "should have been the beginning and the end of the federal habeas courts' inquiry into whether petitioners received due process").

I have offered petitioner an opportunity to amend and, given his explanation of his claims and theories in his response to my order to show cause, it appears that none of his claims are cognizable and that further attempts to amend would be futile.

Accordingly, it is RECOMMENDED that the petition, ECF No. 1, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 21, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE